# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-31024
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

KEITH JOHNSON,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CR-130-9

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Keith Johnson appeals the revocation of supervised release ("SR")

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-31024

following his guilty plea to possessing a firearm during and in relation to a drug-trafficking crime. He contends that the district court abused its discretion in revoking SR because the evidence was insufficient to prove that he possessed certain drugs and drug paraphernalia.

A district court may revoke a term of SR on a finding, by a preponderance of the evidence, that the defendant violated a condition of SR. 18 U.S.C. § 3583(e)(3); *United States v. Hinson*, 429 F.3d 114, 118-19 (5th Cir. 2005). A revocation of SR is reviewed for abuse of discretion. *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995).

"[P]ossession may be actual or constructive." *United States v. Mergerson*, 4 F.3d 337, 348 (5th Cir. 1993). This court has "adopted a commonsense, fact-specific approach" for deciding whether constructive possession has been established and has found it in joint-occupancy cases only where some evidence permits "a plausible inference that the defendant had knowledge of and access to the weapon or contraband." *Id.* at 349.

Contrary to Johnson's assertion, the evidence showed, and the district court articulated the facts that permitted, the plausible inference that Johnson constructively possessed the drugs and paraphernalia, which was the similar *modus operandi* of hiding the drugs in false-bottom containers. The court's reasoning focused on the facts supporting the conclusion that Johnson had constructively possessed the drugs and paraphernalia; Aisha Howard's credibility was not a factor in the decision. The evidence was sufficient for the court to find that Johnson had constructively possessed, and the court did not abuse its discretion in finding that Johnson had violated the terms of SR. *See McCormick*, 54 F.3d at 219; *Mergerson*, 4 F.3d at 348.

AFFIRMED.